# United States District Court
# Northern District of Indiana

| | |
|---|---|
| VICTOR J. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:08-CV-555 JVB |
| v. | ) |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Victor J. Henderson, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations and footnote omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 127 S.Ct. at 1965, (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

Henderson alleges that the St. Joseph County Prosecuting Attorney filed criminal charges against him and that he was subsequently found not guilty. The prosecutor is immune from suit because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore this case must be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on December 29, 2008.

                                                  s/ Joseph S. Van Bokkelen  
                                                Joseph S. Van Bokkelen  
                                                United State District Judge  
                                                Hammond Division